UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-vs-

JAMES OLIVER YOUNG,

Defendant.

REPORT AND
RECOMMENDATION

21-CR-6025-FPG-MJP

## APPEARANCES

For the United States:

Melissa M. Marangola
U.S. Attorney's Office - Rochester
100 State Street
Rochester, NY 14614

For the Defendant:

Matthew R. Lembke
Cerulli, Massare & Lembke
45 Exchange Boulevard
Suite 925
Rochester, NY 14614

## INTRODUCTION

**Pedersen, M.J.** In an indictment filed on March 2, 2021 ("Indictment"), the Grand Jury charged James Oliver Young ("Defendant") with ten crimes: two counts of Sexual Enticement of a Minor (Counts 1 and 2); Conspiracy to Produce Child Pornography (Count 3); six counts of Production of Child Pornography (Counts 4, 5, 6, 7, 9, and 10); and Receipt of Child Pornography (Count 8). (Indictment at 1–8.) The Indictment also includes a Forfeiture Allegation. (*Id.* at 8–9.)

1

On March 2, 2021, the Honorable Frank P. Geraci, U.S. District Judge, referred the case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). (ECF No. 38, ECF No. 36.)

On July 21, 2021, Defendant filed his omnibus motion. (ECF No. 58.) The government filed its response to Defendant's omnibus motion on August 9, 2021. (ECF No. 62.) The undersigned heard oral argument on the omnibus motion on August 16, 2021. The undersigned issued a decision on most of the issues raised in Defendant's omnibus motion, but reserved on Defendant's motion for suppression of evidence, or in the alternative, for an evidentiary hearing. (ECF No. 65.)

After hearing oral argument on August 16, 2021, and reviewing all motion papers, the undersigned recommends that the District Court deny Defendant's motion for suppression of evidence and request for a hearing.

## STANDARD OF LAW

The relevant portion of 28 U.S.C. § 636(b)(1)(A) and (B) provides that the undersigned may "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion . . . to suppress evidence in a criminal case."

## DISCUSSION

In his omnibus motion, Defendant seeks suppression of evidence related to an alleged warrantless search of his Facebook account, the results of which Facebook then shared with the National Center for Missing and Exploited Children ("NCMEC") through its electronic tipline. (Lembke Aff. at 1–2, ECF No. 58-1.)  NCMEC then

2

shared the information with the New York State Police. (*Id.*) More specifically, on April 17, 2020, Facebook submitted an electronic report to the NCMEC Cyber TipLine—Report 69451094—which included excerpts of sexually explicit conversations between Defendant and a minor through its Messenger Kids application.[1] (Def.'s App'x at 30–44[2], ECF No. 58–2.) Further, on April 17, 2020, Facebook reported to NCMEC that an uploaded image that it labeled as "child pornography" was sent through the Messenger Kids application and accessed by Defendant. (Def.'s App'x at 59–66.) This CyberTipline Report was assigned the number 69444245. (*Id.* at 57–60.)

Defendant asserts that the reporting of information between the entities discussed above resulted in the issuance of search warrants by Monroe County Court Judge Vincent M. Dinolfo, which led to his arrest and indictment. Defendant contends that his Fourth Amendment rights may have been implicated because NCMEC and/or the police may have expanded the scope of the search beyond what was originally searched and provided by Facebook, a privately owned ISP. (*Id.* at 3.)[3] He argues that had NCMEC and/or the police not impermissibly expanded the scope of Facebook's search, there would have been no probable cause upon which to issue the

[1] According to Facebook, "Messenger Kids [was] created by Facebook for children under 13 to connect with their friends and family through video chats, text, voice messages, and photos." (Def.'s Suppl. App'x at 31, ECF No. 67.)

[2] The pages numbers referred to were automatically assigned to the document when it was electronically filed on CM/ECF and are found in the upper righthand corner of the referenced document.

[3] Defendant also contends that the Fourth Amendment is implicated because NCMEC acted as a government agent on behalf of the police as a result of its operating the tipline and mandatory reporting requirements. However, the undersigned does not find this argument relevant to the present motion and will not address it.

search warrants.

The government argues that neither NCMEC nor the police expanded the scope of the search conducted by Facebook and, therefore, no Fourth Amendment violation occurred. (Gov't Resp. at 4, ECF No. 62.)

### *Findings of Fact Regarding Defendant's Request for a Hearing on the Suppression Issues.*

Defendant contends that

Upon information and belief, NCMEC expanded the scope of Facebook's private search of Mr. Young's Facebook account.

Upon information and belief, the information viewed by NCMEC, but not viewed by Facebook, formed the basis for the issuance of the search warrants issued and [sic] this case and formed the basis for the government's discovery of evidence that resulted directly to [sic] the Defendant's arrest and indictment on the instant charges.

Upon information and belief, the information viewed by New York State Police investigators exceeded the scope of the information viewed by Facebook, or NCMEC, or both.

(Lembke Aff. at 4–5.)

The application for a search warrant for the initial search of Defendant's residence, sworn to April 17, 2020, makes specific reference to both NCMEC CyberTipline Reports. (Def.'s App'x at 7.) The officer also refers to the "sexually explicit conversations between the Ollie Young account and the REDACTED [minor]." (*Id.* 7.) The application further refers to the sexually explicit photograph of the minor being accessed by Defendant. (*Id.*)

Finally, the search warrant application includes a specific notation, initialed by both Judge Dinolfo and the applying officer, that "[t]he Cyber Tipline Report is

attached here to [*sic*] as an exhibit." (Def's Suppl. App'x at 8[4], ECF No. 67.) The CyberTipline Report attached to the warrant was assigned number 69451094 and included excerpts of sexually explicit conversations between Defendant and the minor in the Messenger Kids application. (*Id.* at 16–44.)

### *Legal Conclusions Regarding Defendant's Request for a Hearing on the Suppression Issues.*

To be entitled to a hearing on suppression, Defendant is required to raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion to suppress." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992). Further, a Court has discretion to deny a request for a hearing where the defendant's papers fail to raise a contested material issue of fact. *United States v. Gillette*, 383 F.2d 843, 848–849 (2d Cir. 1967). A defendant is also not entitled to a hearing where the defendant fails to support his claim with an affidavit based on personal knowledge. *Gillette*, 383 F.2d at 848 ("The affidavit submitted for appellant is insufficient in that it does not, for example, allege personal knowledge on the part of appellant's attorney; accordingly, there was no factual issue to be resolved and the denial of a hearing was correct."); *United States v. Viscioso*, 711 F. Supp. 740, 745 (S.D.N.Y. 1989) (internal quotations and citations omitted) ("the defendant must show that disputed issues of material fact exist before an evidentiary hearing is required .... The required showing

---

[4] The page numbers referred to were automatically assigned to the document when it was electronically filed on CM/ECF and are found in the upper righthand corner of the referenced document.

must be made by an affidavit of someone with personal knowledge of the underlying facts.")

Defendant's motion papers fail to meet the standard set forth in *Pena* and also fail to create a dispute over a material fact. Defendant merely alleges "upon information and belief" that NCMEC and/or the police improperly expanded the scope of Facebook's initial search in violation of the Fourth Amendment. However, Defendant has not provided any concrete proof that any such violation occurred. Such allegations are insufficient to warrant a hearing. *United States v. Ruggiero*, 824 F. Supp. 379, 393–394 (S.D.N.Y. 1993), *aff'd sub nom.* 44 F.3d 1102 (2d Cir. 1995) ("attorney's affidavits alleging certain facts upon 'information and belief' . . . are completely inadequate to raise a factual issue justifying a hearing."). There is no dispute that Defendant has not submitted an affidavit based upon his personal knowledge in support of his request for a hearing.

Further, in comparing the CyberTipline Reports with the warrant issued by Judge Dinolfo on April 17, 2020, the undersigned found nothing that indicated that the officer making the application in support of the search warrant expanded the search beyond what was provided by NCMEC. In fact, the officer attached CyberTipline Report 69451094, which included excerpts of sexually explicit conversations between Defendant and the minor and referenced the sexually explicit image of a minor accessed by Defendant. (Def.'s App'x at 7.) Based upon the forgoing, the undersigned fails to see how Defendant has created a dispute over any material

issue of fact that would require a hearing. Accordingly, the undersigned recommends that the District Court deny Defendant's request for a hearing.

### *Findings of Fact Regarding Probable Cause to Support the Issuance of the Search Warrants.*

Under the section of the search warrant application sworn to on April 17, 2020, titled "Facts Providing Probable Cause," the officer seeking the warrant referred to the NCMEC CyberTipline Reports. He specifically indicated that one of the reports included "sexually explicit conversations" between Defendant and the minor on Facebook's Messenger Kids application. (Def's App'x at 7.)

The officer also indicated that he and a New York State Computer Crimes Unit Senior Investigator reviewed the child pornography digital image provided by Facebook/NCMEC and "determined the image to be consistent with a sexual performance by a child as defined by the New York State Penal Law." (*Id.*) The officer further described the image as "a female child under the age of 16 years old standing wearing a pink bath robe and exposing her vagina and bare breasts in a lewd manner for the photographer." (*Id.*)

Further, the officer attached a copy of CyberTipline Report 69451094 to his warrant application, which included the sexually explicit conversations between Defendant and the minor and discussed the pornographic image of the minor. (Def.'s Suppl. App'x at 16, ECF No. 67.) Both Judge Dinolfo and the officer applying for the search warrant initialed a handwritten sentence added to the warrant application, which reads "[t]he Cyber Tipline Report is attached here to [*sic*] as an exhibit." (*Id.* at 8.) Under the section titled "Executive Summary" NCMEC indicates that "[i]t

appears that [Defendant] is soliciting pornographic images and videos of the child victim. The suspect also discusses incidents where he may have had sexual contact with the child victim." (*Id.* at 16.) Additionally, under the heading "Incident Information" of Section A of the report, Facebook informed NCMEC of the following:

> A 51-year-old male appears to be enticing a 10-year-old female to produce and send apparent child exploitation images (CEI) as well as engage in sexual activity via private messages. Conversations indicate that he may have direct access to her as the boyfriend of the apparent minor's mother, who also appears to be involved in the enticement.

(*Id.* at 18.)

### *Legal Conclusions Regarding Probable Cause to Support the Issuance of the Search Warrants.*

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "To establish probable cause to search a residence, two factual showings are necessary—first, that a crime was committed, and second, that there is probable cause to believe that evidence of such crime is located at the residence." *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983). Here, the dispute centers not on whether a crime was committed, but whether probable cause existed to believe that evidence of the crime would be located at 45 Southview Terrace.

"[P]robable cause to search a place exists if the issuing judge finds a 'fair probability that contraband or evidence of a crime will be found in a particular place' and a federal court must apply a 'totality-of-the-circumstances analysis' in pursuing this inquiry." *United States v. Ponce*, 947 F.2d 646, 650 (2d Cir. 1991), *cert. denied*

503 U.S. 943 (1992) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). When reviewing the validity of a search warrant:

> the duty of [the] court . . . is simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed. A search warrant issued by a neutral and detached magistrate is entitled to substantial deference, and doubts should be resolved in favor of upholding the warrant.

*United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993), *cert. denied* 511 U.S. 1042 (1994) (internal quotations and citations omitted); *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007) ("[A] reviewing court must accord considerable deference to the probable cause determination of the issuing magistrate. . . ."). "[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit [applying for a warrant] should not take the form of *de novo* review." *United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993) (quoting *Gates*, 462 U.S. at 236) (alteration in original). "[R]esolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *Id.* (quoting *United States v. Ventresca*, 380 U.S. 102, 109 (1965)); *see United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011) ("Such deference derives not only from the law's recognition that probable cause is 'a fluid concept' that can vary with the facts of each case, but also from its 'strong preference' for searches conducted pursuant to a warrant, and its related concern that '[a] grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." (alteration in original) (citations omitted)).

In reviewing the search warrant applications and, particularly CyberTipline Report 69451094 attached to the April 17, 2020 search warrant application, the

undersigned recommends to the District Court that it find that there was a fair probability that contraband or evidence of a crime would be found at Defendant's residence, which was the subject of the April 17, 2020 and April 19, 2020 search warrants.

CypberTipline Report 69451094 indicates that Defendant engaged in sexually explicit conversations with a minor via Facebook's Messenger Kids application, and that sexual contact with the minor may have already occurred. The report further indicates that Defendant was soliciting explicit pornographic images of the minor and, in fact, the April 17, 2020 search warrant application indicates that Facebook created an additional CypberTipline Report 69444245, which involved child pornography digital images being accessed by Defendant. (Def.'s Suppl. App'x at 4.) CyperTipline Report 69451094 also provided that it appeared that Defendant had access to the minor as he was the boyfriend of the minor's mother.

In viewing the totality of the circumstances, the undersigned finds that there was a substantial basis for Judge Dinolfo to determine that probable cause existed to issue the two warrants now challenged by Defendant. Further, since Judge Dinolfo was the issuing magistrate, his determination of probable cause is given great deference under the law and the undersigned finds no reason to challenge that determination. For these reasons, the undersigned recommends that the District Court find that the search warrants issued by Judge Dinolfo on April 17, 2020 and April 19, 2020, were supported by probable cause and that it deny Defendant's motion to suppress.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the District Court

deny Defendant's motion to suppress tangible evidence and request for a hearing.

(ECF No. 58).

Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:    August *19*, 2021
          Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge

11