UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                 Case # 21-CR-6025-FPG-MJP

v.

                                                 DECISION AND ORDER

JAMES O. YOUNG,

                           Defendant.
_____

## INTRODUCTION

Defendant James Young is charged in a ten-count indictment with (1) two counts of sexual enticement of a minor in violation of 18 U.S.C. § 2422(b); (2) conspiracy to produce child pornography in violation of 18 U.S.C §§ 2251(a) and (e); (3) six counts of production of child pornography in violation of 18 U.S.C §§ 2251(a) and (e); and (4) receipt of child pornography in violation of 18 U.S.C §§ 2252A(a)(2)(A) and (b)(1).  ECF No. 36.  By Order dated March 2, 2021, this case was referred to United States Magistrate Judge Mark W. Pedersen pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (b)(1)(B).  ECF No. 38.

On July 21, 2021, Defendant moved, *inter alia*, to suppress evidence found during the execution of a search warrant which was obtained, in large part, as a result of a warrantless search of Defendant's Facebook.  ECF No. 58.[1]  Judge Pedersen held a hearing on the pending motions on August 16, 2021, ECF No. 64, and on August 20, 2021, Judge Pedersen issued a report and recommendation ("R&R") recommending that Defendant's motion to suppress evidence and Defendant's request for a hearing regarding Fourth Amendment concerns be denied.  ECF No. 69.

---

[1] Each of Defendant's other motions were decided by Judge Pedersen in a Decision and Order dated August 16, 2021. ECF No. 65.

After three requests for an extension of time to object, on September 24, 2021, Defendant objected to Judge Pedersen's R&R, asserting that he is not in a position to have personal knowledge of whether the National Center for Missing and Exploited Children ("NCMEC") or the New York State police expanded the scope of Facebook's search in violation of the Fourth Amendment. ECF No. 76. As such, Defendant argues that it was improper to find that a hearing on the issue was not necessary. *Id.* The Government responded to Defendant's objections on September 27, 2021. ECF No. 77.

For the reasons that follow, the Court ADOPTS IN FULL Judge Pedersen's Report and Recommendation and DENIES Defendant's Motion to Suppress evidence and request for a hearing.

## BACKGROUND

On July 21, 2021, Defendant filed a motion to suppress evidence related to an alleged warrantless search of his Facebook account. The information Facebook retrieved was then shared with NCMEC through its electronic tip line—CyberTipline. Soon after receiving the information, NCMEC shared the information with the New York State Police who then utilized the information in obtaining a search warrant for the search of Defendant's residence—for electronic devices and other evidence of child exploitation crimes and eventually, the search of those electronic devices. *See* ECF No. 58-1 at 1-2.

Specifically, on April 17, 2020, Facebook submitted an electronic report to NCMEC CyberTipline (Report No. 69451094) which indicated that a suspect, who appeared to be the boyfriend of the minor victim's mother, was soliciting pornographic images and videos of the minor victim. *See* ECF No. 58-2 at 28. Included in the report were chat logs between the suspect and the minor victim, as well as chat logs between the suspect and the minor victim's mother,

which indicated that the suspect may have already had sexual contact with the minor victim and that the mother was aware of—and likely participating in—the molestation of the minor victim. *See* ECF No. 58-2 at 32-43.  Additionally, on April 17, 2020, Facebook submitted an electronic report to NCMEC CyberTipline (Report No. 69444245) which indicated that a file containing a pornographic image was uploaded and received by Defendant through Facebook's Messenger Kids application.  *Id.* at 57-65.

Following receipt of the CyberTipline Reports, NCMEC sent the reports to the New York State Police who applied for search warrants in this case.  Specifically, the initial search warrant application referenced Report Nos. 69451094 and 69444245; discussed that Facebook messages concerning child molestation were discovered; referenced evidence of child pornography being sent to and opened by Defendant; and included information from chat messages which suggested that sexual activity had already occurred and that there were potential plans to engage in future sexual activity.  *See* ECF No. 58-2 at 7.  The CyberTipline Report No. 69451094 was also attached to the search warrant application.  *Id.* at 8. The warrant was signed on April 17, 2020.  *Id.* at 3.

## LEGAL STANDARD

"The standard of review employed by this Court when considering appeals from the decision of a magistrate judge depends upon whether the challenged order is dispositive or nondispositive." *New York v. Salazar*, No. 08-CV-644, 2011 WL 1938232, at *4 (N.D.N.Y. Mar. 8, 2011).  On a dispositive matter—*e.g.*, motions to suppress—the magistrate judge may only issue a Report and Recommendation ("R&R").  28 U.S.C. § 636(b)(1)(B).  A district court reviews those portions of an R&R to which a party has timely objected *de novo*.  Fed. R. Crim. P. 59(b)(3); *see also United States v. Sasiadek*, 310 F. Supp. 3d 371, 375 (W.D.N.Y. 2018).  When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal

3

support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009). After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

## ANALYSIS

Defendant objects to Judge Pedersen's conclusion denying a motion for a hearing on the issue of whether the government violated his Fourth Amendment rights because NCMEC, or the New York State police, or both, expanded the private search conducted by Facebook. ECF No. 76. Further, Defendant's argument suggests that if his Fourth Amendment rights were in fact violated, the improperly obtained information formed the basis for probable cause on the subsequent search warrant approved by the court. *See id.* at 3. In response, the Government maintains that there is no evidence to suggest that either NCMEC or the police exceeded Facebook's search and therefore, a hearing is not necessary. *See* ECF No. 77 at 7, 10. Moreover, because the NCMEC report detailed sexual discussions between the minor victim and Defendant, there was sufficient probable cause to grant a search warrant. *Id.* at 8.

The Fourth Amendment guarantees "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. It is clear and not contested that under Fourth Amendment jurisprudence, protections are not implicated by searches conducted by private individuals. *United States v. Wilbert*, 343 F. Supp. 3d 117, 120 (W.D.N.Y. 2018). Defendant does not dispute that Facebook is a private company and, therefore, the search and seizure of chat conversations and photographs from Defendant's chat with the minor victim and the minor victim's mother, does not raise Fourth Amendment concerns.

4

Rather, Defendant claims that because either NCMEC or the New York State police expands the scope of the items and information viewed by that search, the Fourth Amendment is implicated. ECF No. 76 at 3. It is true that where a government search expands the scope of a private search, "[t]he additional invasions of [a person's] privacy by the government agent must be tested by the degree to which they exceeded the scope of the private search." *United States v. Jacobsen*, 466 U.S. 109, 115 (1984). On that same basis, "[a] private party acting as a government agent also may not expand upon a previously private search without running afoul of the Fourth Amendment."[2] *United States v. Knoll*, 16 F.3d 1313, 1320 (2d Cir. 1994). However, Defendant concedes that he has no knowledge or evidence that either NCMEC or the police expanded the scope of the Facebook search. ECF No. 76 at 3. Therefore, Defendant cannot assert that the Fourth Amendment is, in fact, implicated. *See Knoll*, 16 F.3d at 1320. Instead, Defendant asserts that such information is wholly with the Government and so, it was improper for Judge Pedersen to deny a hearing on the issue. ECF No. 76 at 3-4.

A defendant who seeks to suppress evidence bears the burden of showing that disputed issues of material fact exist before an evidentiary hearing is required. *United States v. Culotta*, 413 F.2d 1343, 1345 (2d Cir. 1969) (a district court is "not required as a matter of law to hold an evidentiary hearing if [defendant's] moving papers did not state sufficient facts which, if proven, would have required the granting of the relief requested by [the defendant]"), *cert. denied*, 396 U.S. 1019 (1970). Indeed, there is no requirement that a district court hold an evidentiary hearing where a defendant's allegations are general and conclusory. *See Grant v. United States*, 282 F.2d 165, 170 (2d Cir. 1960); *see also United States v. Pena*, 961 F.2d 333, 399 (2d Cir. 1992) (affidavits must be "specific, detailed, and nonconjectural"); *United States v. Gillette*, 383 F.2d

---

[2] The Court provides no opinion as to whether NCMEC was acting as a governmental entity or private entity as it has no impact on the Court's ultimate decision here.

843, 848-49 (2 Cir. 1967) (defendant must submit his own affidavit or an affidavit from a person who has personal knowledge of the relevant facts in support of the relief sought).

A review of Defendant's motion to suppress evidence demonstrates that Defendant failed to meet the burden of demonstrating that an issue of material fact exists here.  The affidavit submitted in support of Defendant's motion asserts nothing more than "upon information and belief" NCMEC and/or the police expanded the scope of Facebook's initial search.  *See generally* ECF No. 58-1.  Defendant even concedes that he has no personal knowledge of whether this occurred in his objection to Judge Pedersen's R&R.  ECF No. 76 at 3 ("Obviously, the defendant himself is not in position to have personal knowledge of whether NCMEC or the state police expanded the scope of Facebook's search in order to determine whether Fourth Amendment principles apply.").  Without any clear indication of a dispute over any material issue of fact, the Court is not required to provide Defendant with an evidentiary hearing.

Additionally, a comparison of the facts provided in support of the search warrant and the facts provided in the CyberTipline reports does not suggest that any expanded search was performed as there does not appear to be any additional material information contained in support of the warrant application that was not provided for in the CyberTipline report.  Therefore, the Court finds nothing in the record that supports for Defendant's claim that the search was improperly expanded and, accordingly a hearing on the issue to determine whether a potential Fourth Amendment violation exists is not required.

A search warrant must also be supported by probable cause to be valid.  The probable cause requirement is "not a high bar" and is met where "the totality of circumstances indicates a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 304 (S.D.N.Y. 2018) (citations omitted).  When

reviewing the validity of a search warrant, the Court's duty on review is to "ensure that the [court] had a substantial basis for . . . concluding that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). In doing so, the Court must afford great deference to warrants issued by neutral and detached magistrates. *See United States v. Falso*, 544 F.3d 110, 117 (2d Cir. 2008).

There is simply no question that the search warrants here were supported by probable cause. The CyberTipline Report No. 69451094 attached to the April 17, 2020 warrant clearly sets forth that Facebook discovered that the Defendant, "[a] 51-year-old male appear[ed] to be enticing a 10-year-old female to produce and send apparent child exploitation images (CEI) as well as engag[ing] in sexual activity via private messages. Conversations indicate[d] that he may have direct access to her as the boyfriend of the apparent minor's mother, who also appears to be involved in the enticement." ECF No. 58-2 at 30. Moreover, the excerpts of Defendant and the minor victim's private messaging leave no doubt as to the improper conduct that was occurring or was going to be occurring and that Defendant appeared to have access to the minor victim given his relationship with the minor victim's mother. Thus, given the totality of the circumstances and information available, there was in fact a substantial basis upon which Judge Dinolfo could find probable cause to issue the two search warrants.

## CONCLUSION

For the foregoing reasons, the Court adopts in full Judge Pedersen's R&R, ECF No. 69, and Defendant's motion to suppress and request for a hearing, ECF No. 58, is DENIED.

IT IS SO ORDERED.

DATED:    October 1, 2021
          Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York